The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR15-269RAJ |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DEADLINE |
| ROLAND JESSE DAZA-CORTEZ, and RAFAEL VALADEZ-VAZQUEZ, | |
| Defendants. | |

THE COURT having considered the motion to continue trial and pretrial motions deadline filed by defendant Daza-Cortez in this matter, as well as the record and files herein, including Defendants' written waivers of speedy trial, hereby makes the following findings:

1.      On August 6, 2015, Mr. Daza-Cortez was indicted on drug, firearm, and money laundering charges.  (Dkt. No. 1).  Mr. Daza-Cortez was arraigned on these charges on August 12, 2015. A superseding indictment was filed on January 7, 2016, that added money laundering charges and requested forfeiture of substantial assets.  (Dkt. No. 47).  In the past year, Mr. Daza-Cortez has had four different attorneys.  On June 21,

2016, this Court granted Mr. Daza-Cortez's motion to substitute counsel by Emily M. Gause.  (Dkt. No. 90).

2.	Since June, Mr. Daza-Cortez's attorney has obtained over 8000 pages of discovery, hours of surveillance video and wiretapped phone calls, and hundreds of pages of spreadsheets continuing financial discovery allegedly connected to the money laundering charges.  Since July 2016, the government has produced over 1,500 pages of discovery.

3.	Within a month of substituting into the case, Mr. Daza-Cortez's new attorney hired a forensic accountant, Lorraine Barrick, to investigate the money laundering allegations and author a report to be used in negotiation and pretrial motions. Ms. Barrick reviewed the discovery index at that time and estimated that her analysis would require at least three months to complete.  (Dkt. No. 92, Exhibit 1).  In early August, Mr. Daza-Cortez also hired a private investigator to assist in expediting the defense investigation.  None of Mr. Daza-Cortez's prior attorneys had employed an investigator or defense accountant to assist in his defense.

4.	On August 8, 2016, about a month after receiving discovery in Mr. Daza-Cortez's case, Mr. Daza-Cortez's current counsel filed a motion to continue the October 3 trial date.  (Dkt. No. 92).  Pretrial motions, at that point, were due August 18, 2016. The Court granted the stipulated motion to continue on August 16 (Dkt. No. 95) setting a new trial date of January 23, 2017 with a pretrial motion deadline of December 8, 2016.

5.	Since the last motion to continue was filed, the government provided discovery on August 16, August 26, September 7, October 13, October 17, October 28, November 4, November 8, and most recently on November 21.  The government's investigation appears ongoing, although not necessarily caused by any intentional delay by the government or agents.  This is an extremely complex case.

6.	On September 22, 2016, Mr. Daza-Cortez's attorney began a seven-week murder trial in Pierce County in *State of Washington v. William Alvarez-Calo,* cause

number 13-1-02553-3.  This trial was originally expected to only last three to four weeks.  This trial substantially limited Mr. Daza-Cortez's attorney from being able to review discovery as efficiently as first anticipated and somewhat stalled Mr. Daza-Cortez's defense team's investigation.  Despite being in trial for seven weeks, Mr. Daza-Cortez's attorney still met with Mr. Daza-Cortez bi-weekly (on Fridays), reviewed his discovery on weekends, and worked with the defense team to continue developing strategy.

7.    In early October, Mr. Daza-Cortez's defense team requested a discovery conference to examine the dozens of exhibits seized during execution of various search warrants.   This occurred on October 28 at the Seattle DEA.  Of importance were three large boxes filled with financial documents seized from Mr. Daza-Cortez's house.  These documents were all assumed to have already been provided in discovery as bates stamped 1497-6380.  However, while examining the documents, Ms. Barrick noted that there were many documents she had not ever seen, despite a thorough review of the bates stamped discovery.  There is still a discovery discrepancy that the parties are trying to resolve without the Court's involvement.

8.    Additionally, the government previously provided volumes of financial documents in the form of spreadsheets and raw data from bank records to prior counsel in February 2016.  However, the government also made it clear that the financial records produced in discovery were not the entirety of what the government possessed.  Therefore, the defense team spent time at the U.S. Attorney's office reviewing the other documents.  It became clear that the records were so voluminous that defense requested a complete copy of the remaining records not already produced in discovery.  These records are more than twice the size of the initial disclosures.

9.    Also, while together at the discovery conference, the parties discovered that the 2007 Scion where the bulk of the drugs, guns, and money was found was not retained by the seizing agency.  Defense is investigating this failure to preserve evidence and will likely file motions regarding this after such investigation.

10.    Most importantly, Mr. Daza-Cortez's defense attorney has not reviewed all the discovery.  New discovery is ongoing, but defense counsel has not even been able to review the entirety of the initial 7000 pages provided when she first became counsel of record.  Further, defense counsel has not listened to all of the phone calls, viewed all of the surveillance footage, or read all of the transcripts allegedly involving her client. This review of discovery is ongoing and will take many hours.  Additionally, while a defense investigation is underway with many hours put into gathering additional evidence not provided in discovery, that investigation is not close to completion.  Defense counsel needs to interview key witnesses, both prosecution witnesses but also witnesses that have not been endorsed by the government.

11.    Mr. Daza-Cortez's forensic accountant has invested many hours into this case, but is still not completely finished with review of the discovery.  Initial investigations and discovery seemed to indicate that the government may be pursuing additional forfeitures and money laundering allegations that the defense team had an obligation to investigate.  However, after the discovery conference one month ago, it became clear that the defense could limit our scope of financial investigation significantly. Even so, interviews with key financial witnesses are necessary to complete Ms. Barrick's report and have not yet occurred.  She has not begun a draft report yet.

Based on these facts, as well as the complete history and record of this case as stated in the record and known to the Court,

The COURT HEREBY FINDS AS FOLLOWS:

12.    The ends of justice served by granting this continuance outweigh the best interests of the public and the defendants in a speedy trial.  18 U.S.C. § 3161(h)(7)(A); 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

13.    The Court has considered the Defendants' speedy trial rights and conducted a balancing test between the four factors outlined in <u>Barker v. Wingo</u>, 407 U.S. 514, 92 S.

Ct. 2182, 33 L. Ed. 2d 101 (1972): (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant.

14.     The failure to grant Mr. Daza-Cortez a short continuance would prejudice his constitutional right to have effective assistance of attorney, one who has thoroughly reviewed all of the discovery, engaged in pretrial investigation and witness interviews, and explored options for accepting a plea resolution.  This prejudice to the Defendant is far greater if the request for continuance is denied, whereas the Court has been presented with no facts suggesting a prejudice to either of the Defendants from the requested, reasonably short delay.

15.     For these reasons, a continuance is necessary to allow Mr. Daza-Cortez the reasonable time for effective preparation, taking into account the exercise of due diligence, and in the interests of justice. U.S.C. § 3161(h)(7)(B)(i), (iv). Further, the ends of justice served by a continuance outweigh the best interests of the public and both of the defendants in a speedy trial.

16.     Mr. Valadez-Vasquez, who is not detained pending trial, is joined for trial with Mr. Daza-Cortez and has not sought a severance.  The delay requested here of less than 60 days is reasonable under the circumstances as to both Defendants.

17.     Both Mr. Daza-Cortez and Mr. Valadez-Vasquez have executed a speedy trial waiver and filed it separately with the Court for consideration.  Mr. Daza-Cortez and co-defendant Mr. Valadez-Vazquez have requested that the court find, for the purpose of computing time limitations imposed by the speedy trial act, that the period of delay from the date this motion is filed to the new trial date as set by this Court, is excludable time pursuant to 18 U.S.C. § 3161(h)(7)(A) and U.S.C. § 3161 (h)(7)(B)(i), (iv).

18.     The Court agrees that to perform effectively, and to avoid a miscarriage of justice, the defense needs adequate time to review the evidence, allow a forensic expert to investigate, and consult before the pretrial motions deadline.  The Court further agrees that the current schedule provides insufficient time to insure effective motions and trial

preparation, taking into account due diligence, within the meaning of 18 U.S.C. §§ 3161(h)(7)(B)(i) and 3161(h)(7)(B)(iv).

19.     Under these circumstances, the Court finds that a failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

20.     The Court further finds that the ends of justice will be served by ordering a continuance in this case, that a continuance is necessary to insure effective trial preparation and that these factors outweigh the best interests of the public in a more speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

IT IS THEREFORE ORDERED that the defendant's motion (Dkt. #99) is GRANTED.  The trial date in this matter is continued to **March 20, 2017**.  All pretrial motions, including motions in limine, shall be filed no later than **February 6, 2017**.

IT IS FURTHER ORDERED that the time period between the date of this order and the new trial date of March 20, 2017, is a reasonable delay and is excludable time as to both Defendants, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(6).

DATED this 9th day of December, 2016.

_____
The Honorable Richard A. Jones
United States District Judge

*U.S. v. Daza-Cortez, et. al.*; CR15-269RAJ
Order Granting Motion to Continue Trial and Pretrial Motions Deadline - 6