Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAFAEL VALADEZ-VAZQUEZ,

Defendant.

NO.  CR15-269RAJ

ORDER ON DEFENDANT'S
MOTION TO SEVER

This matter comes before the Court on defendant Rafael Valadez-Vazquez's Motion to Sever (Dkt. #110).  Having considered the briefing submitted by the parties, the Court finds oral argument unnecessary.  For the reasons that follow, the Court **DENIES** defendant's motion.

The essence of the defendant's motion is that he seeks a separate trial from his co-defendant because both are charged together only in Count 1, Conspiracy to Distribute Methamphetamine and Heroin. He is not charged in Counts 2-9, which allege various drug, gun, and money laundering offenses allegedly committed by the co-defendant in furtherance of, or in connection with the conspiracy charged in Count 1.  Defendant Valadez-Vazquez consequently argues that the evidence offered to support the allegations in Counts 2-9 would cause significant prejudice.

Specifically, Valadez-Velaquez contends that the admission of uncharged misconduct of his co-defendant would significantly increase his chances of conviction by reason of association, and the 'spill-over' effect could not be cured by any specific or combination of jury instructions.

1    The Court disagrees for several reasons.  Fed. R. Crim. P 14 is the applicable rule

2    for severance and it provides in relevant part:

3        (a)  Relief.  If the joinder of offenses or defendants in an
         indictment…appears to prejudice a defendant or the government, the
4        court may order separate trials of counts, sever the defendants' trials,
5        or provide any other relief that justice requires.

6

7        Rule 14 sets a high standard for a showing of prejudice.  The party seeking

8    reversal of the denial of a motion to sever bears the burden of proving such

9    " 'clear,' 'manifest,' or undue prejudice is of such a magnitude that the defendant is

10   denied a fair trial.' " *Felix-Guitierrez,* 940 F.2d 1209, (9th Cir. 1991).

11       In assessing whether the joinder of defendants is prejudicial, of foremost

12   importance is whether the evidence as it relates to the individual defendants is easily

13   compartmentalized.  *United States v. Patterson,* 819 F.2d 1495, 1501 (9th Cir. 1987).

14   Central to the determination is the trial judge's diligence in instructing the jury on the

15   purpose of the various types of evidence. *United States v. Cuozzo,* 962 F.2d 945 (9th Cir.)

16   cert. denied, 113 S.Ct. 475 (1992).

17       The Court does not disagree, and the government does not dispute, that the above

18   noted evidence offered at the same trial may result in some degree of prejudice to

19   Valadez-Vazquez. It is equally clear from the government's response that the evidence in

20   Counts 2-9 will point solely to defendant Daza-Cortez and equally be distinguishable as

21   being limited to his conduct alone.  As noted by the government, the events leading up to

22   the seizure of guns and the guns themselves are "factually, temporally, and

23   geographically distinct from the rest of the evidence of the conspiracy" (Dkt. #120, p. 5).

24       The Court is prepared to instruct the jury at the beginning of the trial, during the

25   course of the trial, and at the close of trial on the separate consideration of evidence as it

26   relates to each defendant.  The parties are free to submit any particular or model

27   instruction appropriate to ensure the jury properly compartmentalizes the evidence as it is

28   received to reduce the risk of any cross-over consideration of the alleged acts of Daza-
     Cortez to Valadez-Vazquez.

ORDER ON DEFENDANT'S
MOTION TO SEVER - 2

1    In addition, based upon the proffer of evidence enunciated by the government, it

2    does appear the evidence to be presented will be utilized far more efficiently in a joint

3    trial.  Much of the evidence, including who was involved in which of six transactions,

4    would be presented even if the Court severed the trial. This observation includes the

5    communications between the confidential source and the defendants, the video evidence,

6    the surveillance observations, and the chemist and fingerprint analyst.

7    For all of these reasons, the Court finds that Valadez-Vazquez's Motion to Sever

8    (Dkt. #110) is DENIED.

9

10    DATED this 24th day of February, 2017.

11

12

13    The Honorable Richard A. Jones
      United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER ON DEFENDANT'S
MOTION TO SEVER - 3